## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :
     :
     **Plaintiff**     :

     v.     :     **Cr. A. No. 05–95-JJF**
     :
**MACDONALD P. TAYLOR, aka**     :
**MACDONALD P. TAYLOR, Jr.**     :
     :
     **Defendant.**     :



### SUPERSEDING INDICTMENT

F I L E D

MAR 28 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

**Introduction**

1.     At all times material to this Indictment, Washington Mutual Bank, F.A.

("Washington Mutual") was a federally insured financial institution, the deposits of which were

insured by the Federal Deposit Insurance Corporation.

2.     From on or about January 16, 2003 through on or about March 13, 2003, in New

Castle County, within the District of Delaware, defendant MacDonald P. Taylor aka MacDonald

P. Taylor, Jr. ("TAYLOR") knowingly executed a scheme and artifice to defraud Washington

Mutual by submitting various false and fraudulent documentation and information to

representatives of Washington Mutual for the purpose of defrauding Washington Mutual into

approving TAYLOR's application for a mortgage loan for property located at 440 Pigeon View

Lane, New Castle, Delaware 19720.

**Scheme and Artifice to Defraud**

3.     It was part of the scheme and artifice to defraud that on or about February 4, 2003,

TAYLOR submitted and caused to be submitted to representatives of Washington Mutual false W-2 wage and tax statements for 2000, 2001, and 2002 which indicated that his social security number was xxx-xx-5203, when he then and there well knew that was not the number assigned to him by the Secretary of the United States Department of Health and Human Services, and which falsified and overstated TAYLOR's W-2 wage income for the years 2000, 2001 and 2002.

4.      It was further part of the scheme and artifice to defraud that on or about February 4, 2003, defendant TAYLOR submitted and caused to be submitted to representatives of Washington Mutual false and fraudulent statements of earnings for pay periods beginning January 12, 2003 and February 9, 2003, which statements overstated the amount of money TAYLOR actually earned during this period.

5.      It was further part of the scheme and artifice to defraud that on or about February 4, 2003, defendant TAYLOR submitted and caused to be submitted to representatives of Washington Mutual a false and fraudulent letter, on American Heritage Federal Credit Union ("AHFCU") letterhead and dated January 16, 2003, indicating, inter alia, that TAYLOR (a) had a personal checking account #xxxxxx94 with AHFCU and (b) that the December 31, 2002 balance in the checking account was $12,287.32, whereas TAYLOR then and there well knew that he had no open account with AHFCU and no money on deposit with AHFCU.

6.      It was further part of the scheme and artifice to defraud that on or about February 17, March 5, and March 6, 2003, defendant TAYLOR submitted and caused to be submitted to representatives of Washington Mutual false and fraudulent letters, on AHFCU letterhead and dated February 17, March 5, and March 6, 2003, respectively, indicating, inter alia, that TAYLOR (a) had a personal checking account #xxxxxx94 with AHFCU and (b) that, on each of

2

the dates in question, there were thousands of dollars on deposit in that account, whereas

TAYLOR then and there well knew that he had no open account with AHFCU and no money on

deposit with AHFCU.

7.       It was further part of the scheme and artifice to defraud that on or about February

26, 2003, defendant TAYLOR submitted and caused to be submitted to representatives of

Washington Mutual a false and fraudulent letter, dated February 26, 2003, purportedly from J.P.,

indicating he had paid rent to J.P. for the months August 2002 through February 2003, whereas

TAYLOR then and there well knew that J.P. had not written the letter submitted and that it

contained false information.

8.       It was further part of the scheme and artifice to defraud that on or about February

26, 2003, defendant TAYLOR submitted and caused to be submitted to a representative of

Washington Mutual via xxx.xxx@wamu.net, a false and fraudulent e-mail, dated February 26,

2003, purportedly from J.P. through XXXXX2001@yahoo.com, indicating that all of

TAYLOR's rental payments had been made on time, whereas TAYLOR then and there well

knew that J.P. had not drafted nor sent the e-mail and that it contained false information.

9.       It was further part of the scheme and artifice to defraud that on or about March

13, 2003, TAYLOR signed an affidavit indicating, inter alia, that his social security number was

xxx-xx-5203, when he then and there well knew that was not the number assigned to him by the

Secretary of the Department of Health and Human Services.

**Charging Paragraph**

10.     Paragraphs 1-9 are incorporated herein by reference.

11.     From on or about January 16, 2003 through on or about March 13, 2003, in New

3

Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka

MACDONALD P. TAYLOR, JR. ("TAYLOR") knowingly executed a scheme and artifice to

defraud Washington Mutual Bank, F.A. ("Washington Mutual"), a financial institution insured

by the Federal Deposit Insurance Corporation, and, in execution thereof, TAYLOR submitted

and caused to be submitted to representatives of Washington Mutual false W-2 wage and tax

statements for 2000, 2001, and 2002 which indicated that his social security number was xxx-xx-

5203, when he then and there well knew that was not the number assigned to him by the

Secretary of the Department of Health and Human Services, and which falsified and overstated

TAYLOR's W-2 wage income for the years 2000, 2001 and 2002, and as a result of this scheme

and artifice to defraud TAYLOR obtained a mortgage loan for 440 Pigeon View Lane, New

Castle, Delaware 19720 in the amount of $199,820, all in violation of Title 18, United States

Code, Section 1344(1) and 2.

## COUNT TWO

12.     Paragraphs 1 through 9 above are incorporated herein by reference.

13.     On or about March 13, 2003, in New Castle County, within the District of

Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR., with

intent to deceive, and for the purpose of obtaining a bank loan for residential real property in the

District of Delaware, falsely represented that Social Security account number XXX-XX-5203 had

been assigned to him by the Secretary of the United States Department of Health and Human Services

when in fact such number was not the account number assigned to him, in violation of Title 42,

United States Code, Section 408(a)(7)(B).

4

## COUNT THREE

14.     On or about March 14, 2003, in New Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR., defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce a two page facsimile transmission addressed to R. or S.M., and sent to (302) 888-2902, in violation of Title 18, United States Code, Section 1343 and 2.

## INTRODUCTION FOR COUNTS FOUR THROUGH SEVEN

15.     On or about September 17, 2003, in New Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR. filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF.  Chenoa Taylor aka Chenoa Lilliston is TAYLOR's wife and joint debtor.  Washington Mutual Home Loans was listed or caused to be listed by defendant TAYLOR as a creditor.

16.     On or about September 17, 2003, in the petition in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF, defendant TAYLOR stated and caused to be stated that he had not filed a bankruptcy case within the last six years, when he then and there well knew that he had filed and caused to be filed two bankruptcy petitions within the six years immediately preceding September 17, 2003, to wit, proceedings entitled In re Mac Donald Taylor, Case No. 00-04204-JKF and In re Mac Donald Taylor, Case No. 01-01311-JKF, both in the United

5

States Bankruptcy Court for the District of Delaware.

17.     On or about September 17, 2003, in the petition in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF, defendant TAYLOR stated that his social security number was xxx-xx-5203, when he then and there well knew that was not the number assigned to him by the Secretary of the United States Department of Health and Human Services.

18.     On or about October 24, 2003, the bankruptcy court issued an order dismissing Case No. 03-12887-JKF for failure timely to file schedules. That case was terminated on or about March 3, 2004.

19.     On or about November 4, 2003, in New Castle County, within the District of Delaware, defendant TAYLOR filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389-JKF. Chenoa Taylor aka Chenoa Lilliston is TAYLOR's wife and joint debtor. Washington Mutual was listed or caused to be listed by defendant TAYLOR as a creditor.

20.     On or about November 4, 2003, in the petition in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389-JKF, defendant TAYLOR stated that his social security number was xxx-xx-5203, when he then and there well knew that was not the number assigned to him by the Secretary of the United States Department of Health and Human Services.

21.     On or about December 3, 2003, the bankruptcy court issued an order dismissing Case No. 03-13389-JKF for failure timely to file schedules. That case was terminated on or about January 23, 2004.

22.     On or about May 14, 2004, in New Castle County, within the District of Delaware,

6

defendant TAYLOR filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re MacDonald and Chenoa Renee Taylor, Case No. 04-11470-JKF. Chenoa Taylor aka Chenoa Lilliston is TAYLOR's wife and joint debtor. Wa Mu Home Loan was listed or caused to be listed by defendant TAYLOR as a creditor.

23.    On or about May 14, 2004, in the petition in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 04-11470-JKF, defendant TAYLOR stated and caused to be stated, in response to the requirement to list all bankruptcy cases he had filed within the last six years, only In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389, when he then and there well knew that he had filed and caused to be filed three additional bankruptcy petitions within the six years immediately preceding May 14, 2004, to wit, proceedings entitled In re Mac Donald Taylor, Case No. 00-04204-JKF; In re Mac Donald Taylor, Case No. 01-01311-JKF; and In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF, all in the United States Bankruptcy Court for the District of Delaware.

24.    On or about July 20, 2004, the bankruptcy court issued an order dismissing Case No. 04-11470-JKF with prejudice on the U.S. Trustee's Motion, and prohibiting the debtors from filing for bankruptcy for one hundred-eighty (180) days from the date of the Order. That case was terminated on or about August 30, 2004.

25.    On or about December 10, 2004, in New Castle County, within the District of Delaware, defendant TAYLOR filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a bankruptcy petition in the proceeding entitled In re MacDonald Taylor, Case No. 04-13482-JKF. Washington Mutual Home Loans was listed or caused to be listed by defendant TAYLOR as a creditor.

7

26.    On or about December 10, 2004, in the petition in the case entitled In re MacDonald Taylor, Case No. 04-13482-JKF, defendant TAYLOR stated that his social security number was xxx-xx-5203, when he then and there well knew that was not the number assigned to him by the Secretary of the United States Department of Health and Human Services.

27.    On or about December 10, 2004, the bankruptcy court issued an order dismissing Case No. 04-13482-JKF inasmuch as the debtor TAYLOR was temporarily ineligible to file for bankruptcy protection, pursuant to the bankruptcy court's July 20, 2004 order prohibiting such a filing for the one hundred-eighty (180) days immediately thereafter. That case was terminated on or about December 15, 2004.

## COUNT FOUR

28.    Paragraphs 15-18 are incorporated herein by reference.

29.    On or about September 17, 2003, in the State and District of Delaware, in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR. knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 03-12887-JKF, defendant TAYLOR falsely stated that his social security number was xxx-xx-5203; whereas, in truth and in fact, as defendant TAYLOR then and there well knew social security number xxx-xx-5203 was not the number assigned to him by the Secretary of the United States Department of Health and Human Services, in violation of Title 18, United States Code, Section 152(3) and 2(b).

8

## COUNT FIVE

30.    Paragraphs 19-21 above are incorporated herein by reference.

31.    On or about November 4, 2003, in the State and District of Delaware, in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389-JKF, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR. knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 03-13389-JKF, defendant TAYLOR falsely stated that his social security number was xxx-xx-5203; whereas, in truth and in fact, as defendant TAYLOR then and there well knew social security number xxx-xx-5203 was not the number assigned to him by the Secretary of the United States Department of Health and Human Services, in violation of Title 18, United States Code, Section 152(3) and 2(b).

## COUNT SIX

32.    Paragraphs 22-24 above are incorporated herein by reference.

33.    On or about May 14, 2004, in the State and District of Delaware, in the case entitled In re MacDonald and Chenoa Renee Taylor, Case No. 04-11470-JKF, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR. knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 04-11470-JKF, defendant TAYLOR falsely stated that he had only filed one bankruptcy case within the last six years, In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389; whereas, in truth and in fact, as defendant

9

TAYLOR then and there well knew, he had filed and caused to be filed three additional bankruptcy petitions within the six years immediately preceding May 14, 2004, to wit, proceedings entitled <u>In re Mac Donald Taylor</u>, Case No. 00-04204-JKF; <u>In re Mac Donald Taylor</u>, Case No. 01-01311-JKF; and <u>In re MacDonald and Chenoa Renee Taylor</u>, Case No. 03-12887-JKF, all in the United States Bankruptcy Court for the District of Delaware, in violation of Title 18, United States Code Section 152(3) and 2(b).

## COUNT SEVEN

34.      Paragraphs 25-27 above are incorporated herein by reference.

35.      On or about December 10, 2004, in the State and District of Delaware, in the case entitled <u>In re MacDonald Taylor</u>, Case No. 04-13482-JKF, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR. knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in the petition filed in the bankruptcy case No. 04-13482-JKF, defendant TAYLOR falsely stated that his social security number was xxx-xx-5203; whereas, in truth and in fact, as defendant TAYLOR then and there well knew social security number xxx-xx-5203 was not the number assigned to him by the Secretary of the United States Department of Health and Human Services, in violation of Title 18, United States Code, Section 152(3) and 2(b).

## COUNT EIGHT

36.      Paragraphs 15-18 above are incorporated herein by reference.

37.      On or about September 17, 2003, in New Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR., with intent

10

to deceive, and for the purpose of pursuing a bankruptcy case in the District of Delaware, falsely

represented that Social Security account number XXX-XX-5203 had been assigned to him by the

Secretary of the United States Department of Health and Human Services when in fact such number

was not the account number assigned to him, in violation of Title 42, United States Code, Section

408(a)(7)(B).

## COUNT NINE

### Introduction

38.    At all times material to this Indictment, Fieldstone Mortgage Company ("Fieldstone

Mortgage") was in the business, *inter alia,* of lending money to individuals for the purchase of real

property.

### Scheme To Defraud

39.    From in or about February 2005 through on or about April 8, 2005, in New Castle

County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD

P. TAYLOR, JR. ("TAYLOR") did knowingly devise and intend to devise a scheme and artifice to

defraud Fieldstone Mortgage by submitting various false and fraudulent documentation and

information to representatives of Fieldstone Mortgage for the purpose of defrauding Fieldstone

Mortgage into approving TAYLOR's application for a mortgage loan for property located in

Middletown, Delaware ("the Middletown Mortgage").

40.    It was part of the scheme and artifice to defraud that, throughout the loan application

process, the defendant would and did fail to disclose to Fieldstone Mortgage the fact of prior

foreclosure actions on mortgage loans TAYLOR obtained for homes at 440 Pigeon View Lane, New

Castle, Delaware and at 35 Pepperwood Lane, Bear, Delaware.

11

41.    It was further part of the scheme and artifice to defraud that, throughout the loan application process for the Middletown Mortgage, the defendant would and did knowingly provide materially false and fraudulent documents to Fieldstone Mortgage.

## Manner and Means

42.    In furtherance of the scheme and artifice to defraud, the defendant committed and caused to be committed the following acts:

43.    On or about March 17, 2005, defendant TAYLOR submitted and caused to be submitted to representatives of Fieldstone Mortgage false and fraudulent statements of earnings from Sogeti USA LLC ("Sogeti") for the bi-weekly periods ending February 4 and 18, 2005, which statements materially overstated, and TAYLOR then and there well knew they materially overstated, the amount of money TAYLOR earned during these periods.

44.    On or about February 16 and April 6, 2005, defendant TAYLOR submitted and caused to be submitted to representatives of Fieldstone Mortgage false and fraudulent letters, on Sogeti letterhead purportedly signed by "Dave Matzinger" and dated February 15, 2005 and April 5, 2005, respectively, indicating, *inter alia*, that TAYLOR (a) had received a promotion and an increase in base salary from Sogeti effective March 1, 2005, and (b) that TAYLOR was authorized to use a Sogeti corporate American Express card to pay for relocation expenses related to the Middletown Mortgage, whereas TAYLOR then and there well knew (a) that he had not received a promotion at Sogeti as stated and (b) that Sogeti had not authorized payment of any relocation expenses using a Sogeti corporate American Express card related to the Middletown Mortgage.

45.    On or about April 6, 2005, defendant TAYLOR submitted and caused to be submitted to representatives of Fieldstone Mortgage a false and fraudulent verification of his employment with

12

Sogeti, purportedly signed by "Dave Matzinger, Career Development Manager" at Sogeti indicating, *inter alia*, that TAYLOR received a current gross base pay from Sogeti of $72,589.00, whereas TAYLOR then and there well knew that his salary at Sogeti was not the $72,589.00 shown on the form, but was materially lower, and that Sogeti did not employ anyone by the name of Dave Matzinger and thus the verification form contained false information.

46.    On or about April 6, 2005, defendant TAYLOR submitted and caused to be submitted to representatives of Fieldstone Mortgage a false and fraudulent verification of rent, purportedly signed by "Kervin Chambers, Landlord" indicating, *inter alia*, that TAYLOR (a) rented the real property at 440 Pigeon View Lane, New Castle, Delaware 19720 from March 2003 to April 2005; and (b) timely made rental payments during that period of $1,850.00 per month, whereas TAYLOR then and there well knew (a) that he had not rented the property at 440 Pigeon View Lane, New Castle, Delaware 19720 from March 2003 to April 2005 but rather had obtained a mortgage loan for the property on which he had not made timely payments, and (b) that "Kervin Chambers" was not TAYLOR's landlord and had not signed the verification form submitted and thus the verification form contained false information.

47.    On or about April 7, 2005, defendant TAYLOR signed a Uniform Residential Loan Application ("Loan Application") for the Middletown Mortgage. On Part VIII of the Loan Application entitled "Declarations," the defendant answered "no" to the following three questions: "Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years?" "Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment?" and "Have you had an ownership interest in a property in the last three years?"

48.    On or about April 7, 2005, on the Loan Application for the Middletown Mortgage,

13

defendant TAYLOR certified that all statements contained therein, including those Declarations in part VIII, were true and correct when, in truth and in fact, as the defendant then and there well knew, he failed to disclose (a) that he had owned real property at 440 Pigeon View Lane, New Castle, Delaware during the preceding three years, (b) that the property previously owned by the defendant at 35 Pepperwood Lane, Bear, Delaware had been foreclosed upon in 2001, and (c) that the property at 440 Pigeon View Lane, New Castle, Delaware had been foreclosed upon in 2004.

## Charging Paragraph

49.    On or about April 6, 2005, in New Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR., defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, as more fully set forth in paragraphs 38 through 48 of this Indictment, incorporated herein by reference, and for the purposes of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce a facsimile from (302) 834-1678, assigned to the UPS Store, 1148 Pulaski Highway, Bear, Delaware to Fieldstone Mortgage Company at (972) 370-2569, in Frisco, Texas, in violation of Title 18, United States Code, Section 1343 and 2.

## COUNT TEN

50.    On or about September 28, 2005, in New Castle County, within the District of Delaware, defendant MACDONALD P. TAYLOR aka MACDONALD P. TAYLOR, JR., with intent to deceive, and for the purpose of obtaining a retail installment loan from General Motors Acceptance Corporation for the purchase of a 2005 Chevrolet Trailblazer, falsely represented that Social Security account number XXX-XX-9228 had been assigned to him by the Secretary of the United States

14

Department of Health and Human Services when in fact such number was not the account number

assigned to him, in violation of Title 42, United States Code, Section 408(a)(7)(B).

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____

For Shannon T. Hanson
Assistant United States Attorney

Dated: March 28, 2006

15