U.S. Department of Justice

United States Attorney's Office
District of Delaware

The Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

October 25, 2006

**VIA CM/ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

 RE:   United States v. MacDonald P. Taylor - **05-95-JJF**

Dear Judge Farnan:

The parties have reached agreement for a pretrial resolution of this matter. In anticipation of the change of plea hearing, scheduled for November 1, 2006, at 1:15 p.m. before the Court, enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant. Pursuant to this agreement, Mr. Taylor will plead guilty to Counts One, Three, Six, Nine and Ten of the Superseding Indictment against him. Count One charges the defendant with bank fraud, in violation of Title 18, U.S.C. Sec. 1344. Counts Three and Nine charge the defendant with wire fraud, in violation of 18 U.S.C. Sec. 1343. Count Six charges the defendant with bankruptcy fraud, in violation of 18 U.S.C. Sec. 152(3). Finally, Count Ten charges the defendant with social security fraud, in violation of 42 U.S.C. Sec. 408(a)(7)(B).

The parties will provide the Court with an original of the Memorandum of Plea Agreement, signed by the parties, at the plea hearing.

Should the Court have any questions, please feel free to contact me.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Shannon Thee Hanson
Assistant United States Attorney

Enclosure

cc: Christopher S. Koyste, Esq.
    Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>  :  <br> Plaintiff  :  <br> v.  :  Cr. A. No. 05–95-JJF <br>  :  <br> MACDONALD P. TAYLOR, aka  :  <br> MACDONALD P. TAYLOR, Jr.  :  <br>  :  <br> Defendant.  :  | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Macdonald P. Taylor aka MacDonald P. Taylor, Jr., by and through his attorney, Christopher S. Koyste, Esq., the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One, Three, Six, Nine and Ten of the Superseding Indictment against him in the above-captioned case. Count One charges the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344. Count One carries a maximum sentence of thirty (30) years imprisonment, a $1,000,000 fine or not more than twice the gross gain or loss from the offense, pursuant to 18 U.S.C. Sec. 3571(d), whichever is greater, five (5) years supervised release, restitution, and a $100 special assessment. Counts Three and Nine charge the defendant with wire fraud, in violation of 18 U.S.C. Sec. 1343. Each of these counts carries a maximum sentence of twenty (20) years imprisonment, a fine of $250,000 or not more than twice the gross

gain or loss from the offense, pursuant to 18 U.S.C. Sec. 3571(d), whichever is greater, three (3) years supervised release, restitution, and $100 special assessment per count. Count Six charges the defendant with bankruptcy fraud, in violation of 18 U.S.C. Sec. 152(3) and Count Ten charges the defendant with social security fraud, in violation of 42 U.S.C. Sec. 408(a)(7)(B). Each of these counts carries a maximum sentence of five (5) years imprisonment, a $250,000 fine, three (3) years supervised release, restitution, and a $100 special assessment per count.

2.   The defendant agrees to pay the $500.00 special assessment on or before the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

3.   The defendant understands that the following are the elements of the offenses to which he is pleading guilty and which the government would have to prove were this matter to go to trial:

As to Count One - bank fraud:

>(1) From on or about January 16, 2003 through on or about March 13, 2003, the defendant knowingly executed a scheme and artifice to defraud Washington Mutual Bank, F.A. ("Washington Mutual"), as set forth in the Superseding Indictment, by submitting and causing to be submitted to representatives of Washington Mutual false W-2 wage and tax statements for 2000, 2001, and 2002 in support of obtaining a mortgage loan for 4400 Pigeon View Lane, New Castle, Delaware 19720;
>
>(2) At the time, Washington Mutual was a financial institution within the meaning of the law, to wit, it was insured by the Federal Deposit Insurance Corporation;
>
>(3) The defendant acted with intent to defraud Washington Mutual; and

(4) The defendant's representations in submitting false W-2 wage and tax statements were material, meaning they would naturally tend to influence, or were capable of influencing, the decisions of Washington Mutual.

As to Counts Three and Nine - Wire Fraud, the elements of the offenses are:

(1) The defendant knowingly participated in and devised and intended to devise a scheme to defraud the victims listed in each of Counts Three and Nine of the Superseding Indictment, to wit, R. and S.M. (Count Three) and Fieldstone Mortgage (Count Nine), and to obtain money or property by false or fraudulent pretenses, representations or promises;

(2) The charged schemes each included a material misrepresentation or concealment of a material fact;

(3) The defendant had the intent to defraud; and

(4) The defendant transmitted or caused another to transmit by means of wire communication in interstate commerce the facsimile transmissions charged in Counts Three and Nine in furtherance of these schemes.

As to Count Six - Bankruptcy Fraud, the elements of the offense are:

(1) The charged bankruptcy, In re MacDonald and Chenoa Renee Taylor, Case No. 04-11470-JKF, was in existence on May 14, 2004;

(2) The defendant made a false statement under penalty of perjury, to wit, the defendant falsely stated and caused to be stated, in response to the requirement to list all bankruptcy cases he had filed within the last six years, only In re MacDonald and Chenoa Renee Taylor, Case No. 03-13389, when he then and there well knew that he had filed and caused to be filed three additional bankruptcy petitions within the six years immediately preceding May 14, 2004, to wit, proceedings entitled In re Mac Donald Taylor, Case No. 00-04204-JKF; In re Mac Donald Taylor, Case No. 01-01311-JKF; and In re MacDonald and Chenoa Renee Taylor, Case No. 03-12887-JKF, all in the United States Bankruptcy Court for the District of Delaware;

(3) The statement was as to a material fact;

(4) The statement was knowingly and fraudulently made.

As to Count Ten - Social Security Fraud, the elements of the offense are:

> (1) The defendant falsely represented that Social Security account number XXX-XX-9228 had been assigned to him by the Secretary of the United States Department of Health and Human Services when in fact such number was not the account number assigned to him;
>
> (2) The defendant made that representation with the intent to deceive; and
>
> (3) The defendant made the representation for the purpose of obtaining a retail installment loan from General Motors Acceptance Corporation for the purchase of a 2005 Chevrolet Trailblazer.

4. The parties stipulate and agree that, based on information known to date, the government's evidence is sufficient to prove that the loss resulting from the defendant's offense conduct and that conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) (relevant conduct) is more than $70,000 but less than $120,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(E) of the November 1, 2003 U.S. Sentencing Guidelines Manual. Accordingly, before any other adjustments, the defendant's offense level is 15.

5. The parties further stipulate and agree that the defendant shall pay restitution as ordered by the Court in the amount of $75,111.03 to the victims of Counts One, Three, Six, Nine, and Ten according to their respective losses.

6. The parties further stipulate and agree that the government's evidence is sufficient to prove the following additional adjustments to the defendant's offense level: (1) the defendant's offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, resulting in a two level increase pursuant to Section 2B1.1(b)(2)(A); and (2) without authorization, the defendant used a means of identification unlawfully to obtain

another means of identification, resulting in a two level increase pursuant to Section 2B1.1(b)(9)(C)(i). Based on information known to date, there are no other Chapter 2 enhancements to the defendant's sentence. Accordingly, based on information known to date, the government's understanding is that the defendant's total offense level is 19.

7. On or before the date of sentencing, the government will dismiss the original Indictment in this matter and the remaining counts (Counts Two, Four, Five, Seven, and Eight) of the Superseding Indictment against the defendant in this case.

8. Provided that the government does not learn subsequently of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees to move for a three (3) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. Section 3E1.1, based on the defendant's conduct to date. The government will make this recommendation because the defendant timely has notified authorities of his intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the sentencing guidelines.

10. The parties recognize that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw

5

his guilty plea because the Court calculates the Guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend any ruling of the Court at any subsequent proceedings, including any appeal.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                              COLM F. CONNOLLY
                                              United States Attorney

_____    By:_____
Christopher S. Koyste, Esquire                Shannon Thee Hanson
Attorney for Defendant                         Assistant United States Attorney

_____
MacDonald P. Taylor
Defendant

Dated: _____, 2006

                                      * * * * * * *

**AND NOW**, this _____ day of November, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                        _____
                                        HONORABLE JOSEPH J. FARNAN, JR.
                                        United States District Judge
                                        District of Delaware