AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## District of Delaware

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MacDonald P. Taylor | Case Number: CR 05-95-JJF |
| a/k/a MacDonald P. Taylor, Jr. | USM Number: 050522-105 |
| | Christopher S. Koyste, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   COUNTS I, III, VI, IX AND X OF THE SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 | BANK FRAUD | 3/13/2003 | Is |
| 18:1343 & 18:2 | WIRE FRAUD | 4/8/2005 | IIIs |
| 18:152(3) | BANKRUPTCY FRAUD | 12/10/2004 | VIs |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) INDICTMENT AND COUNTS II, IV, V, VII AND VII OF THE SUPERSEDING INDICTMENT   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 7, 2007
Date of Imposition of Judgment

_/s/ Joseph J. Farnan_
Signature of Judge

Honorable Joseph J. Farnan, Jr., U.S. District Judge
Name and Title of Judge

March 1, 2007
Date

FILED
MAR 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1 A

DEFENDANT: MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
CASE NUMBER: CR 05-95-JJF

Judgment Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 & 18:2 | WIRE FRAUD | 4/8/2005 | IXs |
| 42:408 | SOCIAL SECURITY FRAUD | 9/28/2005 | XS |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
         Sheet 2 Imprisonment

Judgment Page __3__ of __8__

**DEFENDANT:** MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
**CASE NUMBER:** CR 05-95-JJF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   12 MONTHS AND ONE DAY

The term of imprisonment shall run concurrent for Counts I, III, VI, IX and X of the Superseding Indictment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

   ☒ at _____ ☐ a.m. ☐ p.m. on MARCH 20, 2007

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 Supervised Release

**DEFENDANT:** MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
**CASE NUMBER:** CR 05-95-JJF

Judgment Page __4__ of __8__

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 YEARS__

The term of Supervised Release shall run concurrent on Counts I, III, IV, IX and X of the Superseding Indictment.
The Bureau of Prisons is to consider the defendant's medical condition when placement is made.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
CASE NUMBER: CR 05-95-JJF

Judgment Page 5 of 8

## SPECIAL CONDITIONS OF SUPERVISION

1.) The defendant shall provide the probation officer with access to any requested financial information.

2.) The defendant shall not incur new credit charges or open additional lines of credit.

3.) The defendant shall participate in a mental health treatment program, at the direction of the probation officer.

4.) The probation officer is hereby authorized to notify any current or future employer of this criminal conviction in order to address any third party risk.

DEFENDANT: MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
CASE NUMBER: CR 05-95-JJF

Judgment Page 6 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 500.00 ($100 per count) | $ | $ 75,111.03 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Washington Mutual Bank<br>Attn: David Hiers<br>7301 Bay Meadows Way<br>Jacksonville, Florida 32256 | $17,516.00 | $17,516.00 | |
| Robert McDonald, Esq.<br>McDonald, Silverman, McDonald<br>& Friedman<br>1010 North Bancroft Parkway,<br>Suite#22<br>Wilmington, DE 19805 | $5,600.00 | $5,600.00 | |
| **TOTALS** | $ 75,111.03 | $ 75,111.03 | |

☒ Restitution amount ordered pursuant to plea agreement $ 75,111.03 _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
CASE NUMBER: CR 05-95-JJF

Judgment Page 7 of 8

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Chase Home Financing/Fieldstone Mortgage Co.<br>Diane Clark, Asst. Vice-President<br>Client Servicing and Integration Department<br>Chase Home Financing, LLC, 10790<br>Rancho Bernardo Road<br>San Diego, CA 92127-5705 | $43,310.00 | $43,310.00 | |
| NuCar Middletown, Inc.<br>Attn: Lanie Thorton, Office Manager<br>5221 Summit Bridge Road<br>Middletown, DE 19709 | $8,685.00 | $8,685.00 | |
| | | | |
| | | | |
| | | | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT:** MacDonald P. Taylor a/k/a MacDonald P. Taylor, Jr.
**CASE NUMBER:** CR 05-95-JJF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒ Lump sum payment of $ __500.00 ($100 per count)__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒ Payment to begin immediately (may be combined with  ☒ C,  ☐ D, or  ☒ F below); or

C  ☒ Payment in equal __MONTHLY__ (e.g., weekly, monthly, quarterly) installments of $ __200.00__ over a period of __36 MONTHS__ (e.g., months or years), to commence __30 DAYS__ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

   — ☒ Special Assessment shall be made payable to Clerk, U.S. District Court.
   — ☒ Criminal monetary payments, with the exception of restitution and those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made payable to Clerk, U.S. District Court. <u>Any restitution ordered is to be made payable to the victim, and collected by the U.S. Probation Office.</u>

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.